IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: Maxx Technologies, Inc. | § § § § § § | Case No. 25-30897 (Chapter 7)<br><br>Filed February 18, 2025 |

**MOTION FOR ENTRY OF AGREED ORDER CONDITIONING AUTOMATIC STAY AS TO PROCEEDINGS AGAINST INDIVIDUAL BARRIE HANSEN**

> **THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF IT IS GRANTED, THE MOVANT MAY ACT OUTSIDE OF THE BANKRUPTCY PROCESS. IF YOU DO NOT WANT THE STAY LIFTED, IMMEDIATELY CONTACT THE MOVING PARTY TO SETTLE. IF YOU CANNOT SETTLE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY AT LEAST 7 DAYS BEFORE THE HEARING. IF YOU CANNOT SETTLE, YOU MUST ATTEND THE HEARING. EVIDENCE MAY BE OFFERED AT THE HEARING AND THE COURT MAY RULE.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**
>
> **THERE WILL BE A HEARING ON THIS MATTER ON DECEMBER 10, 2025 AT 9:00 A.M. IN THE UNITED STATES DISTRICT COURTHOUSE, COURTROOM #8B, 515 RUSK AVENUE, HOUSTON, TEXAS 77002.**

COMES NOW, creditor Abrar Ahmed, and hereby moves for the Court to issue an order lifting the automatic stay, to permit him to proceed with a Motion for Sanctions against the former CEO of debtor Maxx Technologies, Inc., Barrie Hansen, in an underlying state court proceeding. Hansen is incorrectly claiming automatic stay protection for himself on an individual basis to avoid a sanctions hearing. In order to provide clarity to the state district court in which the Motion for Sanctions is pending, Ahmed requests that this Court issue relief from the stay for this limited purpose, or otherwise declare that the stay does not apply to Hansen in this context. By and through its trustee Allison Byman, debtor Maxx Technologies, Inc. **agrees** with the relief requested. (Ms. Byman's signed agreement follows the signature block of counsel, below.)

## I. BACKGROUND AND BASIS FOR MOTION[1]

1.  On August 7, 2023, Ahmed obtained a final default judgment against Maxx Technologies, Inc., in Cause No. 2023-26499, in the 190th District Court of Harris County, Texas, Judge Beau Miller presiding. Subsequently, Maxx Technologies, Inc. filed an original Bill of Review proceeding against Ahmed to attempt to get the final default judgment set aside. That case is currently pending as Cause No. 2024-26557, *Maxx Sports TV, Inc. n/k/a Maxx Technologies, Inc. v. Ahmed,* also in the 190th District Court ("Bill of Review case").

2.  Barrie Hansen is the former CEO of Maxx Technologies, Inc. and is understood to be a current board member. For the first seven months of the Bill of Review case, Mr. Hansen represented Maxx Technologies, Inc. in pleadings and during oral hearings in court as the company's counsel-of-record. He did so under the guise of a "Temporary Bar Number."

> Respectfully submitted,
>
> /s/ Barrie Hansen
>
> By: _____
> BARRIE HANSEN, JD LLM
> Texas Temporary Bar No. 24094117
> Email: barriemobile@gmail.com
> c/o Rossi International Lawyers
> Roberta M Rossi
> Texas Bar No. 17309470
> robbi@rossiinternational.law
> 1401 Lake Plaza Dr., Ste. 200,
> Spring TX 77389
> Tel. (832) 517-8638

Roberta Rossi is Hansen's wife, who was practicing in Europe during this time. She appears to have had effectively no active involvement in the case, other than (presumably) allowing her husband to use her e-filing credentials to file his pleadings on behalf of Maxx Technologies.

---

[1] The Declaration of attorney Kerry O'Brien, attesting to the factual allegations as well as the authenticity of the images within this section, follows his signature block below.

3.      However, in October 2024, counsel for Ahmed discovered that Hansen's "Temporary Bar Number" was only active for a few months in 2015, while Hansen was a law student, and that he was not licensed to practice law in Texas. On November 1, 2024, the Membership Director of the State Bar of Texas confirmed this fact by letter. Therefore, Hansen had been practicing law without a license in representing Maxx Technologies as its counsel. In doing so, Hansen had successfully delayed the appointment of a collections receiver through his efforts "representing" the company. The undersigned counsel promptly brought this to the Court's attention. Rossi promptly withdrew from the case. New counsel substituted for Rossi and then promptly withdrew. At this time, Maxx Technologies, Inc. remains unrepresented in the Bill of Review case.

4.      In addition, on June 28, 2024, Hansen filed a sworn affidavit in the Bill of Review case, attached to which was documentary evidence that he had authenticated as "true-and-correct" through his sworn affidavit. However, upon examination, it became obvious that some of the evidence he filed with the court had been materially altered from the original versions.

5.      Therefore, on September 14, 2024, Ahmed filed a Motion for Sanctions against both Maxx Technologies, Inc. as well as Mr. Hansen individually, based on the credible allegation that Hansen intentionally modified documentary evidence and filed these altered documents to mislead the court and obtain further delay of Mr. Ahmed's attempt to obtain a receivership. Effectively, Ahmed was alleging that Hansen had committed civil misconduct as well as criminal perjury.

6.      After Mr. Hansen through his counsel doubled down on his assertion that he hadn't altered this evidence, Ahmed's counsel retained an e-discovery forensic expert, who examined

metadata related to a key email in question and agreed with Ahmed that Hansen had in fact altered the email from its original version.[2]

7. The hearing on the (now-1st Amended) Motion for Sanctions was set for October 7, 2024. Despite Hansen admitting that he received due notice of the hearing, neither Hansen nor anyone else appeared for the hearing on behalf of himself or Maxx Technologies.[3] The Court then granted the sanctions motion.

8. Maxx Technologies filed a Motion for Reconsideration on the sanctions order. On October 28, 2024, upon the request of both Maxx Technologies and Mr. Hansen, the court set aside the sanctions order (as the court stated during the hearing, "out of an abundance of caution" for due process reasons), and a new hearing on the motion for sanctions was set for December 5. However, because the counsel who substituted Rossi withdrew on December 5, the sanctions hearing was reset once again, for January 24, 2025.

9. Three days before the January 24 hearing, counsel for Hansen requested another extension of the hearing date due in part to "a chance that [Hansen] has COVID," which Ahmed's undersigned counsel did not oppose, and the hearing was reset for March 26, 2025.

11. On February 7, 2025, Maxx Technologies, Inc. filed this Chapter 7 bankruptcy proceeding.

12. Ahmed through his counsel attempted to proceed with the March 26 sanctions hearing anyway, but solely as to Mr. Hansen individually, seeking no findings or relief against Maxx

---

[2] The other records that were materially altered by Hansen are proven as such by means not requiring expert testimony.

[3] Hansen was very likely observing the hearing online to see what would the Court would do in his absence. Within minutes after the Court announced its ruling granting the sanctions requested by Ahmed, Hansen emailed Ahmed's undersigned counsel, alleging that he only first reviewed the Notice of Hearing at that moment, when in fact the hearing notice had been properly served on him 2 ½ weeks earlier.

Technologies. Individual counsel for Hansen argued through informal communications with the court that Mr. Hansen is *individually* protected by the automatic stay in this bankruptcy proceeding, and therefore protected from the sanctions proceeding against him individually. While the case law appears clear that it does not protect him individually, counsel's communications were enough to cause confusion and concern with the state district court.

13. In light of this confusion, on March 19, 2025, Ahmed filed in the Bill of Review case an email from Chapter 7 Trustee Ms. Byman, where she stated that she is unopposed to the sanctions motion going forward against Mr. Hansen individually, as long as he hasn't filed his own individual bankruptcy proceeding:[4]

> RE: Maxx Tech, Case No. 25-30897
> 1 message
>
> Allison Byman <adb@bymanlaw.com>                                   Thu, Mar 13, 2025 at 5:58 PM
> To: "ko@obrienlawpc.com" <ko@obrienlawpc.com>
> Cc: OLPC <beth@obrienlawpc.com>
>
> The automatic stay only applies to the Debtor.  I have no objection to your pursuit of actions against the individual, so long as he has not filed his own bankruptcy case.
>
> ADB

This would be congruent with current law, which says that "Section 362 is rarely, however, a valid basis on which to stay actions against non-debtors." *Arnold v. Garlock, Inc.,* 278 F.3d 426, 436 (5th Cir. 2001). The "section 362 stay does not protect any party other than the debtor and does not protect any property other than property of the estate." *In re Pierce,* 272 B.R. 198, 211 (Bankr. S.D. Tex. 2001), subsequently aff'd, 91 F. App'x 927 (5th Cir. 2004). Ahmed has made it clear in communication to the court that while the automatic stay remains in place, *he is seeking no award or relief against Maxx Technologies, Inc. – only against Mr. Hansen individually for his alleged misconduct.*

---

[4] At the time of filing of this Motion, Creditor Ahmed does not believe Hansen has filed an individual bankruptcy proceeding for himself.

14. Nevertheless, because of the opposition by Hansen's counsel, Byman's email apparently did not resolve the issue for the 190th District Court. On April 17, 2025, the 190th District Court issued an order instructing the parties to file a letter from the Chapter 7 Trustee "describing which causes of action are subject the Bankruptcy Court's jurisdiction and which causes of action are not subject to the Bankruptcy Court's jurisdiction." In relevant part:

> ORDERED that the Parties must file a letter from the Bankruptcy Trustee describing which causes of action are subject the Bankruptcy Court's jurisdiction and which causes of action are not subject to the Bankruptcy Court's jurisdiction. It is further
>
> ORDERED that the Bankruptcy Trustee's letter to this Court must be filed on or before May 2, 2025.
>
> It is so ORDERED.
>
> Signed on April 17, 2025,
> in Harris County, Texas.

The state district court is apparently seeking clarity that it may proceed with the sanctions hearing against Mr. Hansen in light of Maxx Technologies' Chapter 7 proceeding.

15. However, that court's *specific* request is not within the purview of the Bankruptcy Trustee's authority and obligations. Therefore, to provide the clarity sought by the 190th District Court, Ahmed hereby requests an order from this Court that in the absence of Mr. Hansen filing for individual bankruptcy, the automatic stay that currently protects Maxx Technologies, Inc. from attempts of creditors to collect a debt from the company does not protect Mr. Hansen from a sanctions proceeding brought against him individually, and for which the relief sought will only concern and come from him individually, or that the automatic stay is lifted for this purpose. Ahmed agrees the automatic stay currently prevents him from attempting to collect his debt from the debtor. As he has stated to the 190th District Court, he *will not* seek any relief against Maxx Technologies, Inc. or its estate through the sanctions proceeding, while the automatic stay remains in effect.

16.     Given Mr. Hansen's alleged misconduct and abuse of the judicial process, counsel for Ahmed believes that there is an obligation as an Officer of the Court to have the issue (once again) heard and ruled upon by the 190th District Court, even if it will provide no actual benefit to Mr. Ahmed's interests with respect to collection on his Final Default Judgment award.

17.     Furthermore, Ahmed is concerned that Hansen is attempting to use the time it will take to complete Maxx Technologies' Chapter 7 proceeding to potentially exhaust the two-year statute of limitations in Texas for his alleged perjury. See Texas Penal Code §37.02; Code of Criminal Procedure 12.02(a). The statute of limitations for Hansen's alleged perjury may expire on June 28, 2026. Maxx Technologies' Chapter 7 bankruptcy proceeding may outlast that date.

18.     Therefore, Ahmed respectfully requests that this Court issue an order that, to any extent that Hansen can colorably argue that he is individually protected by Maxx Technologies' stay, that stay is lifted so that the sanctions proceeding in the Bill of Review case may go forward against him individually, with any relief granted only against him individually.

19.     By requesting the lifting of the stay, Ahmed is not conceding that the stay would need to be lifted to be able to proceed with a sanctions hearing against Mr. Hansen in his individual capacity, and believes that current law does not require the lifting of the stay. However, this order is sought to provide clarity to the 190th District Court, so that justice may be done for Mr. Hansen's alleged abuse of the judicial process.

**PRAYER**

Creditor Abrar Ahmed requests that this Court issue an order that declares that, to the extent that the §362 could be argued to protect Barrie Hansen on an individual basis, it is hereby lifted so that the sanctions proceeding in Cause No. 2024-26557, *Maxx Sports TV, Inc. n/k/a*

*Maxx Technologies, Inc. v. Ahmed,* in the 190th District Court of Harris County, Texas, may proceed against him individually with any relief granted against him individually.

Respectfully submitted,

*[signature]*

**Kerry V. O'Brien**
Texas Bar No. 24038469
SDTX Bar No. 1021724

Board Certified in Labor & Employment Law by the TBLS



1011 Westlake Drive
Austin, Texas 78746
email: ko@obrienlawpc.com
phone: (512) 410-1960
fax: (512) 410-6171

**COUNSEL FOR CREDITOR ABRAR AHMED**

**DECLARATION OF KERRY O'BRIEN**

1. "My name is Kerry O'Brien. My date of birth is September 17, 1974. I am of sound mind and capable of making this declaration. I am a resident of Travis County, Texas. I declare under penalty of perjury that the statements below are true and correct based on personal knowledge:

2. I have personal knowledge as to the facts alleged Section 1 of this Motion and declare that they are true and correct based on such personal knowledge. Furthermore, I declare that the images pasted within Section 1 of this Motion are true and correct excerpts of such documents as referenced and described within Section 1."

This Declaration was executed on October 30, 2025 in Travis County, Texas.

*[signature]*

KERRY O'BRIEN, Declarant

**AGREEMENT OF THE CHAPTER 7 TRUSTEE**

I am Allison D. Byman, Chapter 7 Trustee for Maxx Technologies, Inc. While any historical fact representations made within this Motion to Lift Stay are those of creditor Abrar Ahmed and his counsel, I agree with the relief requested in this Motion and ask the Court to enter the Proposed Order attached hereto.

*/s/ Allison D. Byman* *(by KVO, with permission of ADB)*
Allison D. Byman
Chapter 7 Trustee for Maxx Technologies, Inc.

**CERTIFICATE OF SERVICE AND**
**CERTIFICATE OF COMPLIANCE WITH BLR 4001**

A copy of this motion was served on the persons shown on Exhibit "1" at the addresses reflected on that exhibit on October 30, 2025 by prepaid United States first class mail. Movant certifies that movant has complied with Bankruptcy Local Rule 4001.

*/s/ Kerry V. O'Brien*
Movant's counsel